# 99 DTA 161

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAROLINA-FAJARDO

CIRILO RODRIGUEZ WALKER
Apelado

v.

EL COMANDANTE OPERATING CO., ROYAL INSURANCE COMPANY
Apelantes

Núm. KLAN-98-001286

San Juan, Puerto Rico, a 13 de mayo de 1999

Panel integrado por su Presidente, Juez Miranda De Hostos
y los Jueces Rivera Pérez y Rodríguez García

Miranda De Hostos, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Los apelantes, El Comandante Operating Co. y su aseguradora (El Comandante), interesan que revoquemos una sentencia dictada por el Tribunal de Primera Instancia, Sala de Carolina, que declaró con lugar la demanda en daños y perjuicios presentada por el apelado Cirilo Rodríguez Walker.

Inconforme con la determinación se acude ante nos alegando la comisión de dos errores a saber: primero, que incidió el foro de instancia al determinar responsabilidad civil; y segundo, al concederle una indemnización alta.

Se confirma la sentencia apelada, por los siguientes fundamentos.

## I

El 20 de octubre de 1995, el apelado se sentó a presenciar las carreras de caballos de esa tarde en el Hipódromo El Comandante. (T.E., pág. 7). El área donde se sentó quedaba a la intemperie, por lo que los asientos se mojaban cuando llovía. (T.E., págs. 6-7). Si llovía mucho, la acumulación de agua formaba una costra de limo resbaloso debajo de los asientos, además, en esa área habían asientos rotos. (T.E., pág. 9).

En un momento en que el apelado se levantó para ir al baño, se resbaló con el limo, se cayó sintiendo que su rodilla se astillaba. (T.E., págs. 10-11, 30). Un amigo que se encontraba sentado a su lado y otros compañeros lo levantaron, lo llevaron al sótano y allí le dieron los primeros auxilios. (T.E., pág. 12).

El 26 de octubre de 1995, el guardia de seguridad de turno rindió un informe del accidente en el que señalaba que él mismo había verificado el área donde ocurrió el accidente y admitía que estaba mojada. (T.E., págs. 81-83).

Posteriormente, lo atendieron en el Hospital de Area de Carolina, donde estuvo recluido cinco días. (T.E., págs. 32- 33). Le trataron la rodilla con inyecciones, medicamentos y le sacaron líquido, además, le hicieron una operación para extraerle el menisco y al darle de alta, le dieron una rodillera y caminaba con muletas. (T.E., págs. 14, 30, 35).

El apelado declaró que le dolía mucho la rodilla, por lo que tenía que tomar pastillas para el dolor y tenía que pasar mucho tiempo acostado. Este dolor se agrava y acentúa dependiendo de cómo se encuentren las condiciones del tiempo. (T.E., págs. 35-36). Se presentó prueba de que el apelado trabajaba como músico tocando el bongó y utilizaba las rodillas para colocar el instrumento musical, por lo que luego del accidente se afectó su medio de trabajo. (T.E., págs. 24-25).

El apelado sufre un grado de cojera como resultado de la caída, por lo que tiene que usar un bastón para ayudarse a caminar. Actualmente, el apelado sufre una incapacidad en su rodilla de un 2% a un 7% y entre un 1% a un 3% de sus funciones generales. (T.E., págs. 99-100).

Durante el desfile de prueba en el tribunal de instancia, el apelado declaró que no había tenido problemas de salud antes de la caída. Señaló que tenía problemas con la vista, le amputaron un dedo de un pie y tenía dificultad para sanar una lesión en la planta del pie derecho. (T.E., pág. 39) No obstante, la prueba pericial creída por el tribunal de instancia, demostró que lo relativo a la amputación y a la lesión del pie derecho, era consecuencia de problemas circulatorios severos resultado de su condición de diabetes y no de la caída sufrida. (T.E., pág. 43).

El apelado oportunamente radicó una demanda reclamando los daños sufridos por la caída y el tribunal de instancia luego de celebrada una vista, dictó sentencia a su favor.

## II

Evaluemos los hechos descritos a la luz del derecho aplicable.

El apelante plantea la comisión de dos errores: primero, que incidió el foro de instancia al determinar responsabilidad en su contra; y segundo, al concederle una indemnización alegadamente excesiva al apelado. Discutiremos ambos errores en conjunto.

Es importante señalar que constituye un principio de derecho firmemente establecido que en apelación no debemos intervenir con la apreciación de la prueba que ha realizado el tribunal de instancia, a menos que medie pasión, prejuicio, parcialidad o se haya incurrido en error manifiesto. El juzgador de los hechos está en mejor

posición que un tribunal de apelaciones, pues el primero tuvo la oportunidad de ver la prueba de primera mano y observar la forma de declarar de los testigos. *Flores Santiago v. Domínguez,* opinión del 30 de junio de 1996, **98 J.T.S. 96,** pág. 1354. (Casos Citados.)

Nuestra jurisprudencia ha establecido que, aunque los dueños de establecimientos no son aseguradores de sus clientes, tienen el deber de hacer todo lo posible por mantener segura el área donde los sirven. *Goose v. Hilton Hotels,* 79 D.P.R. 523, 527-528 (1956); *Cotto v. C.M. Ins. Co.,* 116 D.P.R. 644, 650 (1985).

El Art. 1802 del Código Civil, establece una obligación de reparar el daño a aquél que lo cause si ha intervenido culpa o negligencia de su parte. 31 L.P.R.A. sec. 5141. Un hombre prudente y razonable debe prever los riesgos más probables de determinada situación. El deber de previsión no se extiende a todo peligro que pueda amenazar la seguridad, sino a los peligros que una persona prudente y razonable podría anticipar. *Elba A. B.M. v. U.P.R.* 125 D.P.R. 294, 309 (1990).

De la misma manera, no se debe intervenir con las cuantías que un tribunal de instancia determine en casos de responsabilidad extracontractual, a menos que sean exageradamente altas o ridículamente bajas. El que solicita la modificación tiene que probar las circunstancias que la hagan meritorias. *Agosto Vázquez v. F.W. Woolworth,* opinión de 13 de mayo de 1997, **97 J.T.S. 56,** pág. 951; *Blás Toledo v. Hospital Ntra. Sra. de la Guadalupe,* opinión del 30 de junio de 1998, **98 J.T.S. 101,** pág. 1438. (Casos citados.)

## III

Cónsono a los principios de derecho sobre responsabilidad civil discutidas, analicemos los hechos y circunstancias del caso presentado.

De la prueba surge que el limo debajo de los asientos del área donde ocurrió el accidente en controversia era muestra de que había agua acumulada que no se había limpiado durante un tiempo. No sólo era previsible para el dueño del hipódromo que alguien pudiera resbalar a causa del limo, sino que era su deber secar el área de esos asientos cuando lloviera para evitar que se produjera el limo y ocurrieran accidentes. Era de su conocimiento que esto sucedía y que los asientos eran utilizados por sus clientes, lo cual el propio guardia de seguridad admitió.

Le correspondía a El Comandante mantener dicha área segura para los clientes que asistían a los eventos hípicos, no solamente respecto al agua, sino también a que los asientos no estuvieran dañados. Estas condiciones peligrosas las sabía El Comandante y las permitió aun con el peligro que esto constituia para los que asistían a los eventos hípicos.

Por lo tanto, la responsabilidad civil impuesta a El Comandante se sostiene de la prueba presentada y no incidió el foro apelado al emitir su dictamen. Tampoco se ha demostrado que al adjudicar la controversia y al emitirse la sentencia, se hubiese actuado de manera arbitraria, prejuiciada o con parcialidad.

En cuanto a la cuantía adjudicada concluimos que la misma no es exagerada. El tribunal indemnizó al apelado basándose únicamente en los daños sufridos a la rodilla de éste, que fueron consecuencia de la caída. Los gastos médicos incurridos en dolencias producto de su condición de diabetes no fueron compensados y fueron excluidos correctamente del cómputo. Nos parece una cantidad razonable y no se ha podido probar lo contrario, por lo cual concluimos que los errores no fueron cometidos.

## IV

Por los anteriores fundamentos, se confirma la sentencia apelada según sus términos y condiciones.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General